UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA VELA, *Individually and as Personal Representative of the Estate of John Vela, Deceased*,

        Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY et al.,

        Defendants.
_____/

Case No. 1:10-cv-100

HON. JANET T. NEFF

## OPINION

Plaintiff filed this action against defendants Ace American Insurance Company ("Ace") and Knape & Vogt Manufacturing Company ("Knape & Vogt"), alleging that Ace breached its insurance contract by denying Plaintiff's claim for the accidental death benefits of her deceased husband, under her ERISA-governed employee group accident insurance policy provided by Ace to Knape & Vogt. A default was entered against Ace on June 1, 2010 (Dkt 9) for failure to respond to the Summons and Complaint, and default judgment was entered on January 10, 2011[1] (Dkt 14).

Defendant Ace American Insurance Company has filed a Motion to Set Aside Default and Default Judgment with a supporting brief and exhibits (Dkts 15-18). Plaintiff filed a Response (Dkt 20), and on leave granted, Defendant filed a Reply (Dkt 23). Having fully considered the parties'

---

[1] On August 10, 2010, Plaintiff stipulated to a dismissal without prejudice of Knape and Vogt on the representation that the company did not control, and was not actively involved in, the administration of the plan at issue, including claims (Dkts 11, 12).

arguments and the circumstances presented, the Court concludes that Ace's Motion is properly granted.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In applying Rule 55(c), the Sixth Circuit Court of Appeals has noted it is important to distinguish between defaults and default judgments, with the former being granted more liberally; however, the court has also "indicated a 'strong preference for trials on the merits.'" *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video,* 195 F.3d 819, 820 (6th Cir. 1999) ("*Real Property*") (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986)).

Three equitable factors are considered in determining whether "good cause" has been shown to set aside a default: "'(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson,* 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992) (citation omitted); *see also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 n.3 (6th Cir. 2003).[2] "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims,* 796 F.2d at 194.

---

[2]The test is also stated as whether: "'(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distrib., Inc.,* 340 F.3d at 353 (quoting *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (citations omitted)).

2

The district court has "considerable latitude" in deciding whether the "good cause" standard is met. *O.J. Distrib.,* 340 F.3d at 353 (quoting *Real Property,* 195 F.3d at 820 (citation omitted)). All disputed or ambiguous facts should be construed in the light most favorable to the movant. *Burrell,* 434 F.3d at 832. "[A] district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib.,* 340 F.3d at 353.

If the default has ripened into a default judgment, the court must consider the above three factors, as well as determine whether the stricter requirements of FED. R. CIV. P. 60(b) are met. *Burrell,* 434 F.3d at 832; *Real Property,* 195 F.3d at 820. Grounds for relief from judgment under Rule 60(b) include: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b)(1), (4), and (6).

Considering the circumstances presented, the Court is fully persuaded that the default and default judgment should be set aside, particularly construing ambiguous or disputed facts in the light most favorable to Defendant. First, Defendant asserts that service of process was improper, and thus the default and default judgment are void under Rule 60(b). Defendant contends that Plaintiff's service via certified mail fails to comply with the court rules for service of process under FED. R. CIV. P. 4(h). Defendant, a Pennsylvania corporation, asserts that Plaintiff failed to serve Defendant's registered agent in Michigan pursuant to FED. R. CIV. P. 4(e) and MICH. CT. R. 2.105(D)(1), and that the federal rules do not permit service of process on a corporation by mail. Defendant asserts that because of the improper service, Defendant was unaware of this action until March 21, 2011, and therefore failed to respond to the Complaint.

Plaintiff acknowledges that she "served" her Complaint via certified mail with return receipt on April 9, 2010 to Ace's Wilmington, Delaware office, which was the same office to which she had sent all previous correspondence pertaining to her insurance benefits claim. She does not argue that this constitutes proper service under the court rules, but instead merely contends that "there was no readily identifiable registered agent for the defendant foreign corporation" and that Defendant should have been aware of this lawsuit given its sophisticated pattern and practice of handling mail sent to its legal department in Wilmington, Delaware, including recordation, date stamping, cross referencing, and claim number identification (Dkt 20 at 7).

In reply, however, Defendant reiterates that Plaintiff's Complaint was never *served* upon an officer, director, registered agent, or any other agent authorized by law under the Federal Rules of Civil Procedure, Rule 4(h)(1)(A), (B). Defendant further notes that its Wilmington office has six hundred and three (603) employees in eighty-eight (88) departments and has twenty-four (24) business units, and receives thousands of parcels of mail daily, so Plaintiff's simplistic contention that Defendant was aware of the lawsuit does not reflect reality. Defendant argues that this case presents the exact reason that service of process rules must be strictly followed.

The Court agrees. Plaintiff has not established that her service of process was sufficient or proper under the court rules. Viewing the disputed and ambiguous circumstances in Defendant's favor, the Court is persuaded Defendant has met the requirements under Rule 60(b) for relief from judgment.

Additionally, the Court finds that the equitable factors establish "good cause" to set aside the default and default judgment. Defendant promptly filed a motion to set aside the default. In light of the previous denial of Plaintiff's claim for death benefits, and the denial of her appeal by the

4

ERISA Appeals Committee, Plaintiff is unlikely to suffer undue prejudice from this case being reopened and her claim being decided on the merits in this Court. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983).

The Court is also persuaded that defendant has raised a meritorious defense sufficient to proceed with its defense on the merits. "'[L]ikelihood of success is not the measure' [of a meritorious defense]. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter,* 705 F.2d at 845 (citations omitted).

A provision in the policy at issue excludes death benefits resulting from the use of any drug except as prescribed by doctor:

> We [ACE] will not pay benefits for any loss or Injury that is caused by, results from, or is contributed to by:
>
> 6. alcoholism, drug addiction, or the use of any drug or narcotic except as prescribed by a Doctor.

(Def's. Mot., Ex. E at 2). The documentary evidence relating to the decedent's death implicates this policy provision and supports a potential exclusion on the facts presented. Defendant's denial of death benefits was based on this policy exclusion, i.e., that Plaintiff's spouse's death resulted from and was contributed to by the use of "drug or narcotic." Although Plaintiff disputes that this exclusion properly applies to the circumstances of the decedent's death, Defendant has sufficiently established a meritorious defense for purposes of setting aside the default and default judgment.

Moreover, the Court finds no culpable conduct on the part of Defendant that led to the default or default judgment. Plaintiff contends that Defendant is culpable because its pattern and

practice of recording all documents sent to its Wilmington legal department shows willful disregard of the lawsuit. Plaintiff provides no specific evidence that Defendant intentionally, let alone recklessly, disregarded this lawsuit, and, as noted above, the factual circumstances pertaining to Defendant's Wilmington office and volume of mail, lends no support for this contention.

Accordingly, Defendant's motion is granted, and the default and default judgment shall be set aside.

An Order consistent with this Opinion will be entered.


DATED: November 16, 2011     /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge